# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **RICKEY W. TOLBERT** | ) |
| | ) |
| v. | )   3-07-CV-1285-M |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas, serving concurrent terms of imprisonment of 75 years for the offense of second degree felony forgery in Cause No. F-91-03160-T imposed on October 22, 1991, and a 25 year term of imprisonment for the offense of aggravated sexual assault of a child under the age of 14 in Cause No. F-02-72223-VP imposed on June 2, 2003.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Findings and Conclusions**: In his grounds for relief Tolbert claims that he has been detained in custody past the date on which he was entitled to be released on mandatory supervision pursuant

to his conviction for the offense of second degree felony forgery on which he was sentenced to a term of 75 years. On or about December 21, 1999, he was released on parole, but while on parole on or about May 5, 2002, he committed aggravated sexual assault on a child under the age of 14 years for which he was sentenced to a term of 25 years on June 2, 2003, upon a plea of guilty. Thereafter his parole in the forgery conviction was revoked and the remainder of his sentence is running concurrently with his sentence in the 2003 sexual assault conviction.

It is undisputed that Petitioner's forgery conviction is an offense for which he is eligible for mandatory supervision. *See* TEX. GOV'T CODE §§ 508.147 and 408.149 (West 1990). On the other hand it is equally clear that a person convicted of aggravated sexual assault in May 2002 is ineligible for release on mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8) (West 2002).

The basis for relief sought in the present petition is Tolbert's claim that he has a protected liberty interest in being released on mandatory supervision on his initial conviction when a subsequent conviction is being served concurrently and notwithstanding the fact that the latter conviction is one in which a prisoner is statutorily ineligible for mandatory supervision release.

Respondent has now moved for dismissal of the petition as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The record reflects that Tolbert previously filed a § 2254 petition in this court collaterally attacking his aggravated sexual assault conviction. *See Tolbert v. Dretke,* No. 3-04-CV-1709-L (N.D. Tex. 2005); Exhibit C to Respondent's motion to dismiss and answer filed on November 15, 2007, which the court denied on the merits.

Tolbert accurately observes that his former petition collaterally attacked his conviction whereas his present petition attacks the legality of his continued incarceration. Respondent in turn

2

relies on the Fifth Circuit's opinion in *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003) in which the court under remarkably similar circumstances determined that the second petition filed by Crone was a successive petition. In both cases the initial federal petitions collaterally attacked state convictions on which relief was denied on the merits and thereafter each prisoner filed a second petition attacking the legality of his continued confinement.

As related in the court's opinion, Burtis Crone, Jr., had filed a state habeas application attacking the computation of the in custody portion of his conviction prior to the date on which he filed his initial petition attacking the conviction itself. *Crone, supra,* 324 F.3d at 835. Because Crone knew all the facts on which his second federal petition was based prior to the date on which his first federal petition was filed, the court found that his second petition was successive and which required leave of the circuit court before his second federal petition could be considered by the district court. Tolbert claims that he first learned of how his release date was being determined by the TDCJ in a letter dated February 9, 2005, from the office of State Counsel for Offenders. *See* App. No.WR-14,650-09, denied June 20, 2007, at 026. Despite his ignorance of the facts, dismissal of his petition is required absent a showing that he could not have discovered the factual basis for his claim through the exercise of due diligence. *See* § 2244 (b)(2)(B)(i). Tolbert was returned to confinement in the TDCJ-CID on or about July 11, 2003. *See* Exhibit B to Respondent's motion to dismiss and answer, Affidavit of Charley Valdez. Clearly had he exercised due diligence he could have obtained the same information contained in the February 9, 2005, letter long prior to July 26, 2004, the date on which he filed his first federal petition. Therefore, the District Court should find that the present petition constitutes a "successive application" within the meaning of § 2244(b)(3)(A), and accordingly dismiss the petition for want of jurisdiction. *See e.g. Hooker v.*

3

*Sivley*, 187 F.3d 680 (5th Cir. 1990), but without prejudice to Tolbert's right to move for an order by the Fifth Circuit authorizing the district court to consider the petition.

Alternatively Respondent seeks dismissal of the petition as being barred by limitations. Tolbert did not appeal his conviction and sentence for aggravated sexual assault. Therefore, his conviction became final on July 2, 2003, thirty days after the imposition of his sentence. Tex.R.App.P. 26.2 (a)(1). The one-year was tolled from October 14, 2003 until January 14, 2004, during the pendency of his art. 11.07 application. *See* § 2241 (d)(2). The running of the one-year period recommenced on January 15, 2004, and expired approximately 14 months prior to his next art. 11.07 application filed on December 28, 2005. *See* App. No. WR l4,640-09, denied June 20, 2007.[1] As noted above, Petitioner was returned to the state penal system on or about July 11, 2003, and thus even if the beginning of the one year period were retarded to that date, *see* § 2244(d)(1)(D), it is readily apparent that consideration of the petition would still be barred by limitations.

Finally, the petition fails to present cognizable claims for federal habeas corpus relief. The manner in which state conviction sentences are calculated and discharged are matters of state law only. In this instance the Court of Criminal Appeals by virtue of its denial of his art. 11.07 application on June 20, 2007, has rejected Tolbert's interpretation of Texas state law. Further, Petitioner has failed to cite any decision of the United States Supreme Court which holds that a state prisoner has a liberty interest in release on mandatory supervision when convicted of a subsequent offense which imposes a mandatory minimum term of incarceration.

---

[1] Tolbert's intervening writ of mandamus applications, i.e. App. Nos. WR 14,650-07 and 14,650-08 did not toll the limitation period. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (a mandamus application seeks to compel action by a court, a governmental agency or official and does not seek review of a criminal conviction)

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed for lack of jurisdiction.

In the alternative it is recommended that the petition be dismissed on the basis of limitations, and

In the further alternative that the petition be denied on the merits.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 7th day of January, 2008.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.